751 S.E.2d 644

**In the Matter of Kevin Michael HUGHES, Respondent.**

**Appellate Case No. 2013–002121.**

**No. 27331.**

Supreme Court of South Carolina.

Submitted Oct. 24, 2013.

Decided Nov. 27, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Julie Kay Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Kevin Michael Hughes, of North Myrtle Beach, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## *Facts*

Respondent represented an estate. There were several judgment liens against the estate and no liquid assets available to pay the judgments. Respondent informed the probate court of the liens and discussed several options to raise money to pay the liens.

On October 20, 2011, Judge Deidre W. Edmonds of the Horry County Probate Court issued an Order on a Summons to Show Cause. Judge Edmonds granted an extension to file the closing documents for the estate and set the filing deadline for April 20, 2012. By letter dated April 24, 2012, the Court advised respondent that the deadline had expired and requested that he proceed with the closing of the estate or file a

Motion for Extension. By letter dated May 11, 2012, Judge Edmonds sent a final request letter to respondent.

Respondent did not respond to Judge Edmonds' letters and he did not request an extension. Judge Edmonds issued a second Summons to Show Cause on June 12, 2012.

On August 8, 2012, a hearing was held on the second Summons to Show Cause. Respondent admitted he had no excuse for failing to communicate with the court and stated it was his responsibility to communicate with the court, not that of the personal representative. Respondent admitted he did not request an extension prior to the hearing on the Summons to Show Cause. Respondent informed the court that he had taken steps to raise money to pay the liens.

Judge Edmonds found respondent in willful contempt of court for failing to communicate with the court and failing to request an extension. Respondent was fined $500.00 and ordered to file for an extension within twenty-four hours of the hearing. After the hearing, respondent filed the extension request as ordered.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 3.4(c) (lawyer shall not knowingly disobey an obligation under the rules of a tribunal); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### Conclusion

We find respondent's misconduct warrants a public repri-

294

mand.[1] Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

1. Respondent received letters of caution on July 22, 2002, April 16, 2004, and December 5, 2012, and an admonition on October 21, 2005.